Quiñones, Recurrente, *v.* El Registrador de San Germán, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Germán en una escritura de compraventa.

No. 544.—Resuelto en diciembre 1, 1922.

Precio Indeterminado — Defecto Subsanable. — En la cláusula segunda de la escritura se dice que el precio de la venta lo constituye los $500 recibidos más el importe de dos hipotecas que gravan la finca y en la cláusula tercera que los $500 satisfechos, más el importe de las hipotecas ascendente a $1,835, más los intereses y lo calculado para gastos y costas son el justo precio y que por tanto por ese motivo no se anulará la escritura. Al inscribir la compra consignó el registrador como defecto subsanable que el precio es indeterminado por no expresarse las cantidades por intereses, gastos y costas. *Se resolvió:* que en la segunda cláusula es que se halla claramente consignado el precio, que no resulta indeterminado.

Id.—Medida Superficial—Equivalencia en el Sistema Métrico—Defecto Subsanable.—En el presente caso en el título se consignó una cantidad como equivalencia en el sistema métrico decimal de la medida superficial que tiene la finca, pero estando equivocada es como si no hubiera sido puesta pues no puede sostenerse que es la equivalencia de la cabida del inmueble, por lo que no es errónea la calificación del registrador al considerar tal error como defecto subsanable.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. B. Forés.*

El registrador recurrido compareció por escrito.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

El recurrente compró una finca que está gravada con dos hipotecas, consignándose en el contrato de compraventa entre otras cláusulas las siguientes:

"Segunda: constituye el precio de esta venta el importe de las dos hipotecas a que está afecta la finca enajenada y que quedan subsistentes con la obligación el comprador de satisfacerlas y además la suma de quinientos dollars que el vendedor confiesa recibidos con anterioridad a este acto en efectivo metálico de manos del comprador en diferentes fechas y partidas. En su virtud yo el notario advertí a las partes que confesado el recibo de los expresados quinientos dollars, por lo que respecta a esa suma queda la finca rústica enajenada libre de responsabilidad, aun cuando se pruebe después no haber sido cierta la entrega en todo o en parte.—Tercera: declaran.

los contratantes que siendo el precio de la finca los quinientos dollars satisfechos en efectivo más el importe de las hipotecas cuyo capital de ambas asciende a mil ochocientos treinta y cinco dollars más los intereses y lo calculado para gastos y costas, tal precio es el justo y por tanto esta escritura no se anulará por causa ni motivo alguno.''

El Registrador de la Propiedad de San Germán inscribió esa finca a favor del comprador ''con los defectos subsana- bles de no expresarse en el mismo las cantidades que por in- tereses, gastos y costas responden las dos hipotecas subsisten- tes, toda vez que el capital de éstas y dichas cantidades más la suma de $500.00 constituyen el precio por el que se ena- jena la finca, quedando éste, por tanto indeterminado; y de estar equivocada en dicho documento la equivalencia de la ca- bida de la finca con arreglo al sistema métrico decimal.''

Interpuesto por el comprador recurso gubernativo por la consignación de esos defectos, nos pide que declaremos que no existen y que no se hagan constar en la inscripción de su título.

Dispone el artículo 10 de la Ley Hipotecaria que ''en la inscripción de los contratos en que haya mediado precio o en- trega de metálico, se hará mención del que resulte del título, así como de la forma en que se hubiese hecho o convenido el pago;'' y dice el artículo 11 de la misma ley en su párrafo primero que ''Si la inscripción fuere de traslación de domi- nio, expresará si ésta se ha verificado pagando el precio al contado o a plazos; en el primer caso, si se ha pagado todo el precio o qué parte de él, y en el segundo, la forma y plazos en que se haya estipulado el pago.''    Por consiguiente, tratán- dose de la inscripción de una venta, que es traslación de domi- nio, el registrador debe hacer constar en la inscripción el pre- cio de la venta y la forma de su pago.    En este caso el precio y la forma del pago se hizo constar en el documento que motiva este recurso, y la única cuestión a decidir con respecto al pri- mer defecto subsanable consignado en la inscripción es si tal precio es indeterminado como hizo constar el registrador en la nota recurrida.

Es cierto que en la cláusula segunda del contrato se dice que el precio de la venta lo constituyen los $500 recibidos y el importe de las dos hipotecas insolutas que el comprador se obliga a satisfacer, y que en la cláusula tercera se dice que el precio son esas dos partidas más los intereses y lo calculado para gastos y costas; pero estas últimas partidas no forman parte del precio, no sólo porque la cláusula segunda expresa claramente en qué consiste el precio, pues la cláusula tercera más que fijación del precio es una estipulación de que siendo justo la escritura no se anulará, sino que no constando del contrato que se debieran intereses vencidos y no satisfechos no puede sostenerse que el pago de intereses sea parte del precio ya que los intereses por devengar son el del dinero retenido por el comprador. En cuanto a los gastos y costas tampoco son ni pueden ser parte del precio porque no es cantidad debida por el vendedor y sólo existirán si el comprador diere lugar a ejecución de las hipotecas. Por esas razones entendemos que el precio está claramente consignado en la cláusula segunda y que no es indeterminado, como estimó el registrador.

En el segundo motivo del recurso se sostiene que el registrador no debió consignar como defecto subsanable que la equivalencia en el sistema métrico decimal de la medida superficial de la finca está equivocada.

Según el artículo 9, párrafo primero, de la Ley Hipotecaria, la inscripción que haga el registrador expresará, entre otras circunstancias, la medida superficial con arreglo a la usada en el país, y su equivalencia en el sistema métrico decimal, si constaren del título. En este caso en el título consta la medida superficial de la finca en cuerdas y también su equivalencia en el sistema métrico decimal pero por estar equivocada dicha equivalencia por error aritmético, hecho que no niega el recurrente, consignó el registrador ese error como defecto subsanable.

Haciendo aplicación de ese artículo en los casos de *González* v. *El Registrador,* y de *Carrasquillo* v. *El Registrador.*

17 D. P. R. 239 y 431, hemos dicho que la falta de expresión en el título de la medida superficial de la finca no da motivo para negar la inscripción pero que constituye un defecto subsanable que debe hacerse constar en el registro, y en el de *Vázquez* v. *El Registrador,* 27 D. P. R. 870, declaramos que el no expresarse en el título la equivalencia en el sistema métrico decimal de la medida superficial de la finca constituye un defecto subsanable.   Es cierto que en este caso en el título se consignó una cantidad como equivalencia en el sistema métrico decimal de la medida superficial que tiene la finca pero estando equivocada es como si no hubiera sido puesta pues no puede sostenerse que es la equivalencia de la cabida del inmueble y por esto no podemos declarar que el registrador cometiera error al consignar el segundo defecto subsanable de que se recurre.

La nota recurrida debe revocarse en cuanto al primer defecto subsanable en ella consignado y confirmarse en cuanto al segundo.

> *Revocada en parte y confirmada la nota en cuanto al segundo defecto consignado.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.